IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | Case No. 1:22-cr-48 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **ENDS OF JUSTICE ORDER** |
| | : | |
| Antonio Jackson, | : | |
| Jonathan Gross, and | : | |
| Damien Baxter, | : | |
| | : | |
| Defendants. | : | |

Two of the defendants in this three-defendant case have plead guilty. The Court held a status conference with the remaining defendant, Damien Baxter, on April 10, 2023. Counsel for Defendant Baxter has requested additional time to finalize the plea agreement.

The Speedy Trial Act mandates that, in a case in which a defendant enters a not guilty plea, trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Pursuant to 18 U.S.C. § 3161(h)(7)(A), a court may grant a continuance that is excludable from the speedy trial clock if the court finds that "the ends of justice served by . . . [continuing the trial] outweigh the best interests of the public and the defendant in a speedy trial." A court is to consider a number of factors in "determining whether to grant [such] a continuance," including, but not limited to: (a) "[w]hether the failure to grant such a continuance . . . would . . . result in a miscarriage of justice;" and (b) "[w]hether the failure to grant such a continuance . . . would deny the defendant . . . continuity of counsel, or . . . would deny counsel